JOE E. NUSBAUM, Secretary, Department of Administration
You refer to sec. 177.18, Stats., created by ch. 404, Laws of 1969, which deals with funds received from the proceeds from unclaimed property, and which provides that these funds are to be deposited in the general fund and then distributed to the Department of Employe Trust Funds.
You mention that sec. 177.18, Stats., was amended by sec. 474, ch. 125, Laws of 1971, so as to eliminate the requirement that these funds be transferred to the Department of Employe Trust Funds.*
You ask whether Art. X, sec. 2, Wis. Const., requires that these funds be deposited to the credit of the school fund.
The answer is yes.
Article X, sec. 2, Wis. Const., provides:
"* * * all moneys and the clear proceeds of all property that may accrue to the state by forfeiture or escheat, * * * shall be set apart as a separate fund to be called `the school fund,' * * *".
The Wisconsin Supreme Court has clearly stated that this provision of the constitution is to be construed so as to "throw everything possible into the school fund." Estate of Payne
(1932), 208 Wis. 142, 145, 242 N.W. 553. Also, see State ex rel.Owen v. Donald (1915), 160 Wis. 21, 96, 151 N.W. 331. It is a dragnet proviso. Owen, supra, p. 98. *Page 210 
The legislature may not waive the constitution of the state or the rights of the schools of the state to funds granted them by the constitution. Estate of Payne, supra, p. 147.
It should be noted that in Estate of Payne, supra, the Supreme Court was dealing with the classic type of escheat, the death of a person intestate and without heirs or distributees. However, in modern usage "escheat" is not restricted solely to this classic situation. A state may by statute provide for other ways of bringing about an escheat. Semrad v. Semrad (1960), 170 Neb. 911,104 N.W.2d 338, 340. The courts have clearly held that unclaimed property statutes similar in nature to ch. 177, Stats., are a form of escheat. Texas v. New Jersey (1965), 379 U.S. 674,85 S.Ct. 626, 13 L.ed. 2d 596, and State v. Standard Oil Co. (1950),5 N.J. 281, 74 A.2d 565, 572.
Therefore, I conclude that so much of sec. 177.18, Stats., as provided for the distribution of proceeds from unclaimed property to the Department of Employe Trust Funds was in violation of Art.X, sec. 2, Wis. Const. That provision of the constitution mandates the paying of these moneys to the school fund. This also means that paying these moneys into the general fund, as the present statute provides, is in violation of the constitutional mandate.
RWW:JEA
* Section 177.18, Stats., as amended by sec. 474, ch. 125, Laws of 1971, provides:
"All funds received under this subchapter, including the proceeds from the sale of abandoned property under s. 177.17, shall be deposited by the office in the general fund. Before making the deposit it shall record the name and last known address of each person appearing from the holders' reports to be entitled to the abandoned property and the name and last known address of each insured person or annuitant, and with respect to each policy or contract listed in the report of a life insurance corporation, its number, the name of the corporation and the amount due. The record shall be available for public inspection at all reasonable business hours."